IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Ray Thomas, II,<br><br>                        Plaintiff,<br><br>v.<br><br>William Haigh Porter; Chad Wilson Burgess; Doris Poulos O'Hara; Gene Lee Miller; State of South Carolina; Mary Winter Clark Dawson; Brock & Scott, PLLC; Felicia Simon; and Debra G. Dennis,<br><br>                        Defendants. | C/A: 4:23-cv-1711-SAL<br><br><br>**ORDER** |

This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending dismissal of this case. [ECF No. 27.] In the Report, the magistrate judge recommends that this case be dismissed with prejudice for frivolity.[1] *Id.* at 1–4. Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 5. The deadline to file objections was July 13, 2023. *See id.*

Instead of filing objections, on June 30, 2023, Plaintiff filed a three-page motion demanding the magistrate judge recuse himself. [ECF No. 29.] The motion for recusal does not articulate any specific objections to the Report. *Id.* On July 18, 2023, the magistrate judge issued a text order denying the motion for recusal and further advising Plaintiff that "[t]o the extent

---

[1] *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citation omitted)).

1

Plaintiff alleges bias via the undersigned's analysis and recommendation of summary dismissal, Plaintiff had the opportunity to note his disagreements by timely filing objections and was informed of such opportunity." [ECF No. 32.] Plaintiff has not filed any additional documents since the text order denying the motion for recusal. Based on the court's review of the record, Plaintiff did not file objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 27, and incorporates the Report by reference herein. As a result, this matter is **SUMMARILY DISMISSED WITH PREJUDICE**.[2] Also, as recommended in the Report, Plaintiff's motion for a temporary restraining order, ECF No. 16, is terminated as **MOOT**.

**IT IS SO ORDERED.**

September 26, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[2] As noted in the Report, Plaintiff has amended his complaint multiple times. *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022).